UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMEAS W. BARTON,

       PETITIONER,

VS.

STEVEN J. O'BRIEN,
SUPERINTENDENT,

       RESPONDENT.

CIVIL ACTION
NO. 03-30271-NMG

DEC. 20, 2003

## PETITIONER'S MOTION IN OPPOSITION TO RESPONDENT'S COUNSEL MOTION FOR ENLARGEMENT OF TIME

Now comes JAMES W. BARTON, the Petitioner, Pro Se, and files the instant motion as captioned hereinabove, due to Counsel for respondent, has requested the extention of time EXCEEDING THE LIMITS OF (40) DAYS, as the RULE 81 (2) F.R.CIV.P. mandates.

Petitioner claims that his INSTITUTIONAL RECORDS are easy for Counsel to obtain copies, in these CURRENT TIMES OF ELECTRONIC/TELEPHONIC COMMUNICATIONS.

Respondent's Counsel cannot be allowed to place a low priority on these Federal Habeas Corpus proceedings, like the STATE SUPREME JUDICIAL COURT FOR SUFFOLK COUNTY did, and that court REFUSED TO EVEN ADJUDICATE this identicale claim(s). Petitioner claims that it is not a just reson, for this Court to AWAIT THE RETURN FROM VACATION by respondent's Counsel. The Counsel's motion must be denied.

                                        Respectfully submitted,

                                        James W. Barton   Pro Se

                                        /s/ James W. Barton

(1)

# FEDERAL RULES OF CIVIL PROCEDURE

## FOR THE

## UNITED STATES DISTRICT COURTS

RULES OF CIVIL PROCEDURE

**Rule 81.  Applicability in General**

(a) To what proceedings applicable.

(2) These rules are applicable to proceedings for admission to citizenship, <u>habeas corpus,</u> and quo warranto, to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice in civil actions. <u>The writ of habeas corpus, or order to show cause,</u> shall be directed to the person having custody of the person detained. <u>It shall be returned within 3 days unless for good cause shown additional time is allowed which in cases brought under 28 USC § 2254 shall not exceed 40 days,</u> and in all other cases shall not exceed 20 days.

# SUPREME COURT OF THE UNITED STATES

## HABEAS CORPUS
### LAWS ajm

### UNITED STATES EX REL. MATTOX v. SCOTT
Cite as 507 F.2d 919 (1974)

**507 FEDERAL REPORTER, 2d SERIES**

923

**FALSE IMPRISONMENT**

**COURTS**

*Failure to Comply with Time Limits of Habeas Corpus Act and Rule 81(a)(2), Fed.R.Civ.P.*

The federal Habeas Corpus Act provides in pertinent part:

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

"The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for a good cause additional time, not exceeding twenty days, is allowed. * * *" (28 U.S.C. § 2243).

## FALSE IMPRISONMENT

924   In some cases <u>where the state authorities fail to file a timely return</u>, it may not be necessary for the district court to conduct a full-scale hearing on the merits of the petition.

<u>A habeas corpus petitioner may not be required to wait in jail beyond the 40-day limit because the state authorities are tardy with the return</u>. At a point no later than 40 days after the receipt of the writ, <u>the district court must proceed to consider the petition as if a return had been properly made.</u> The statute and Rule 81(a)(2), when read against the backdrop of the policy of dispatch in habeas corpus matters, dictate this procedure. It would also have been appropriate for the district court to censure the staff of the Illinois Attorney General <u>and to refuse to consider the tardy return</u>. See Curtis v. Perini, 301 F.Supp. 444, 445 (N.D.Ohio 1968), affirmed, 413 F.2d 546 (6th Cir. 1969).

Since the Attorney General's office did not file its motion to dismiss or for summary judgment until /106 days after <u>the district court's order required it to answer or otherwise plead to the petition within 20 days, the requirements of Section 2243 and Rule 81(a)(2) were not met.</u>

Congress was undoubtedly influenced by the possibility that the habeas corpus petitioner might be unlawfully imprisoned, and the time limits demonstrate its concern for an expeditious determination of that issue. The language is mandatory, "shall not exceed 40 days." The district court is given discretion to require a reply between 3 and 40 days after the writ is filed, but not thereafter.[7] The Advisory Committee's notes to the 1971 amendment make it clear that the plight of the overworked state authorities was considered and the period of 40 days was nevertheless deemed the maximum that a petitioner could be made to wait without a response.[8]

Federal Rules of Civil Procedure 12 and 55(a) do not require that the petition be granted by default because Rule 81(a)(2) provides for limited application of the other Rules and default judgments are generally inappropriate in habeas corpus cases.

Where, as here, the habeas corpus proceeding involves a person in custody pursuant to a judgment of a state court, Rule 81(a)(2) of the Federal Rules of Civil Procedure increases the additional time for the return of a writ or order to show cause from 20 to 40 days. Rule 81(a)(2) provides as follows:

> "The writ of habeas corpus, or order to show cause, shall be directed to the person having custody of the person detained. It shall be returned within 3 days unless for good cause shown additional time is allowed which in <u>cases brought under 28 U.S.C. § 2254 shall not exceed 40 days</u>, and in all other cases shall not exceed 20 days."

From the language of the statute and the Rule, it is clear that in the case of a petition under 28 U.S.C. § 2254, like this one, the person having custody must respond within three days unless for good cause the district court exercises its discretion to grant <u>additional time not to exceed 40 days</u>. This legislative schedule evidences the viewpoint of the Congress that dispatch is of utmost importance in habeas corpus proceedings.

PROOF OF SERVICE

Proof of service has been completed on 12/20/03 via perpaid U.S. Postage on this date 12/20/03, to respondent's attorney of record.

*James W. Barton*
JAMES W. BARTON
petitioner