FILED
IN CLERKS OFFICE

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT '04 JAN 23 P 12: 17

BOSTON, MASS.

U.S. DISTRICT COURT
DISTRICT OF MASS.

MISC. NO.

IN RE:           3-4C271

JAMES W. BARTON,

APPELLANT


APPELLANT'S MOTION FOR INTERLUCUTORY
APPEAL AGAINST DISTRICT COURT'S
OBSTRUCTING JUSTICE IN HABEAS
CORPUS RELEASE OF STATE
PRISONER IN FALSE
IMPRISONMENT

Now comes JAMES W. BARTON, the Petitioner-Appellant Pro Se, and due to the inaction by the U.S. District Court below (HON. JUDGE N.M. GORTON), the Petitioner-Appellant moves this Honorable Tribunal to invoke its powers and restraint the court below from commiting further abuse of its official powers causing him to further irrepable lost of liberty.

The Petitioner-Appellant states the following facts:

1. On Oct. 25, 2003, the Petitioner-Appellant filed his pro se Habeas Corpus Petition into this U.S. DISTRICT COURT for the District of Massachusetts (assigned NO. 03-40271-NMG.

2. The court DELAYED the process until DEC. 5th 2003 and (t)hen issued its ORDER TO SHOW CAUSE upon the respondents.

1.

3. On DEC.19,2003 the Counsel for the respondent filed a motion (inter alia) for enlargment of time to JANUARY 29,2004.

4. Petitioner-Appellant filed his motion opposing the respondent's motion for enlargement of time EXCEEDING the STATUTORY LIMITS AND THE LIMITATIONS ENUNCIATED IN RULE 81(2)F.R.CIV.P. THE HABEAS CORPUS PROCEEDINGS [SHALL] [NOT] EXCEED 40 DAYS!!!

Petitioner-Appellant claims that the trial judge ABUSED HIS DISCRETIONARY POWERS when he:

a) Refused to rule on the Petitioner-Appellant's motion opposing the Respondent's Counsel seeking an EXTENTION OF TIME BEYOND THE STATUTORY LIMITS AND THE =MANDATORY COMMANDS OF RULE 81(2) FED.R.CIVIL PROC. WITHOUT DOUBT,THE LAW PROHIBITS ENLARGEMENT OF TIME [BEYOND] (40) DAYS TO PROSECUTE/ADJUDICATE THE MERITORIOUS CLAIMS WITHIN THE FOUR CORNERS OF THE PRO SE PETITION FOR THE "GREAT WRIT" AGAINS BEING HELD IN FALSE IMPRISONMENT.

b) The JUDICIAL BIAS (28 USCS §144.) demonstrated by the HON. JUDGE N.M.GORTON, U.S.DISTRICT JUDGE, proves that HE intended to remain SILENT AND INACTIVE until "JANUARY 29,2004", the date which

2.

was MOTION for by the Counsel For respondents.

c) The UNITED STATES SUPREME COURT ruled that WHEN THE DEADLINE IS GOVERENED BY THE STATUE AN THE RULES GOVERNING HABEAS CORPUS PROCEEDINGS. READ:

CARLISLE v. UNITED STATES
(1996) 134 L Ed 2d 613

" AS WE SAID IN A CASE INVOLVING FILING DEADLINES . . ."IF 1-DAY LATE FILING ARE ACCEPTABLE, 10-day LATE FILINGS MIGHT BE EQUALLY ACCEPTABLE, AND SO ON IN A CAS-CADE OF EXCEPTIONS THAT WOULD ENGULF THE RULE (81(2)F.CIV.P.) ERECTED BY THE FILING DEADLINE;" (RULE 81(2)"IN ALL OTHER CASES SHALL NOT EXCEED 40 DAYS." [emphasis added]

d) Petitioner-Appellant claims that the word "SHALL" is a COMMAND to the court and all parties, from the U.S.CONGRESS in the statutory language and from the U.S.SUPREME COURT DECISIONS. The word "SHALL" IS USED TO EXPRESS WHAT IS MANDATORY. . .U.S. v. MARCUCCI, 299 F.3d 1156 (9th Cir.2002) page 1164.

e) He additionally claims that the SUSPENTION of the MANDATORY LAWS AND RULES is an OBSTRUCTION OF JUDICIAL PROCEEDINGS:

OBSTRUCTION OF JUDICIAL PROCEEDINGS (cont.)
U.S. v. MONUS
128 F.3d 376 (6th Cir.1997)

PAGE 387

"[7] IN ORDER TO SUSTAIN ITS BURDEN OF PROOF FOR . . . THE (ACTS) OF CORRUPTLY ENDEAVORING TO INFLUENCE, OBSTRUCT OR IMPEDE THE DUE ADMINISTRATION OF JUSTICE, THE (PETITIONER) MUST PROVE THREE ESSENTIAL ELEMENTS:

(1) THAT THERE WAS A PENDING JUDICIAL PROCEEDING,

(2) THAT THE (COURT BELOW) KNEW THIS PROCEEDING WAS PENDING, AND

(3) THAT THE (COURT BELOW) THEN CORRUPTLY ENDEAVORED TO INFLUENCE, OBSTRUCT, OR IMPEDE THE DUE ADMINISTRATION OF JUSTICE."

(18 USCS Appx §3C1.1 PART C. OBSTRUCTION)

---

IN THE SUPREME COURT OF THE UNITED STATES

DAVIS v. PASSMAN
442 US 228, 60 L Ed2d 846, 99S Ct 2264

PAGE 863:

"NO OFFICER OF THE LAW MAY SET THAT LAW AT DEFIANCE WITH IMPUNITY. ALL OFFICERS OF THE GOVERNMENT, FROM THE HIGHEST TO THE LOWEST, ARE CREATURES OF LAW, AND ARE BOUND TO OBEY IT.*"

(* RULE 81(a)(2),FED.R.CIV.P.)

(*) SEE ALSO UNITED STATES EX REL. MATTOX v. SCOTT
507 F.2d 919 (1974) at pages 923-924

4.

**UNITED STATES SUPREME COURT**

GIBBS v. BURKE
337 U.S. 773,779

"WHILE THE PETITION (FOR WRIT OF HABEAS CORPUS AD SUBJICIENDUM). . . SHOULD ALWAYS BE CONSTRUED WITH A MEASURE OF TOLERANCE . . . THIS IS ESPECIALLY IMPORTANT WHEN THE PETITIONER IS ACTING WITHOUT THE ASSISTANCE OF COUNSEL."

"SINCE THEY ACT SO OFTEN AS THEIR OWN COUNSEL IN HABEAS CORPUS PROCEEDINGS, WE CANNOT IMPOSE ON THEM THE SAME HIGH STANDARDS OF LEGAL ART, WHICH WE MIGHT PLACE ON THE MEMBERS OF THE LEGAL PROFESSION."

"TO PUNISH A PRISONER ACTING ON HIS OWN BEHALF FOR MISTAKES IN HIS PLEADINGS, IS AN EXCEEDINGLY HARSH TO DO."

"METICULOUS INSISTENCE UPON REGULARITY IN PROCEEDURAL ALLEGATIONS IS FOREIGN TO THE PURPOSE OF HABEAS CORPUS."

# Constitutional Law

JURISDICTION:     HABEAS CORPUS
(Cont.)

Art I, § 9, cl 2

Sec. 9, Cl. 2. Habeas corpus.
The privilege of the writ of habeas corpus <u>shall not be suspended</u>, unless when in cases of rebellion or invasion the public safety may require it.

### RUBY v. UNITED STATES
Cite as 341 F.2d 585 (1965)

<u>The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application.</u> The ordinary rules of civil procedure are not intended to apply thereto, at least in the initial, <u>emergency attention given as prescribed by statute to the application for the writ.</u>

One who seeks to invoke the extraordinary, summary and emergency remedy of habeas corpus must be content to have his petition or application treated as just that and not something else.

But it should be understood that "habeas corpus" is a generic term that includes many species of that writ. The term encompasses the *writ of habeas corpus ad subjiciendum*, which inquires into the cause of the restraint of the prisoner.

In conclusion, the Petitioner-Appellant claims that the intent of the CONGRESSIONAL LAW and the U.S. SUPREME COURT REGULATIONS/RULES OF PROCEDURE, which are not to be DISREGARD nor DISOBEDIENT BY JUDGES.

Petitioner-Appellent is being held in FALSE IMPRISONMENT by the state prison officials and NOW by the U.S. District Court Judge presiding over his habeas corpus petition BEYOND THE (40) DAYS limits set by the U.S. SUPREME COURT RULE 81(a)(2).

He request this Court issue the appropriate ORDER commanding the judge to issue the ORDER for his release, forthwith.

JAN.@!.@@))$
JAN.21.2004

NCC

PROOF OF SERVICE

I HAVE SERVED TRUE COPIS UPON:

DAVID M. LIEBER. AAG.
CRIM. BUREAU
1 ASHBURTON PLACE
BOSTON. MA 02108

TONY ANASTAS. CLERK
U.S. DISTRICT COURT
SUITE 2300
HAROLD D. DONAHUE FED. BLDG.
595 MAIN ST.
WORCESTER. MA 01608

Respectfully submitted.

*James W. Barton*

JAMES W. BARTON
NCCI @ GARDNER
P.O. BOX 466
GARDNER. MA 01440

7.

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS

SUPERIOR COURT
CRIMINAL No. 76823-24

COMMONWEALTH

VS

Roy Moore

I, John B. Deady, Assistant Clerk of the Superior Court Department within and for the County of Plymouth, do hereby certify that the following are true copies of the INDICTMENT(S) and DOCKET ENTRIES in the above-entitled case(s).

I further certify that our docket indicates that the above named Defendant was / ~~was not~~ represented by counsel Joan Mcdonough, Brockton

IN WITNESS WHEREOF, I have hereunto set My hand and affixed the seal of said Superior Court Department, in Brockton this 17th Day of July, A.D., ~~nineteen~~ ~~Hundred and ninety~~ 2002

_Assistant Clerk of Courts_




EXHIBIT A

8