UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JAMES W. BARTON,<br>    Petitioner, | )<br>)<br>)<br>) |  |
| v. | ) | Civil Action No. 03-40271-NMG |
| STEVEN J. O'BRIEN,<br>    Respondent. | )<br>)<br>)<br>)<br>) |  |

**MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS**

Petitioner James Barton is currently imprisoned after pleading guilty to nighttime breaking and entering, possession of burglarious instruments, malicious destruction of property and stealing in a building. In his two overlapping petitions currently pending before the Court, Petitioner raises five grounds for relief: that he was not lawfully arrested; that he was denied a speedy trial; that the trial judge was biased; that the trial judge did not personally sign the order authorizing his imprisonment; and that his sentence should be reduced because Petitioner is ill. The petition is clearly premature. Only the last claim has been presented to any Massachusetts court (which has not–at Petitioner's request–yet ruled on the claim), and none of these claims has been exhausted by presentation to the Supreme Judicial Court. Petitioner failed to exhaust his state court remedies before seeking habeas corpus, and the action must be dismissed, pursuant to 28 U.S.C. § 2254(b)(1)(A).

**I. Prior Proceedings**

On December 11, 2001, Petitioner was indicted on four felony charges: 1) breaking and entering at night with intent to commit a felony; 2) possession of burglarious implements; 3) malicious destruction of property, over $ 250; and 4) stealing in a building. *See* Docket Sheets,

Supplemental Appendix at SA3, SA5. Petitioner was also charged as a habitual criminal. *Id*. at SA3. On July 26, 2002, Petitioner pleaded guilty to the indictments, and the Commonwealth entered a nolle prosequi with respect to the habitual criminal charges. *Id*. at SA4. The court, Grabau, J., accepted the plea and sentenced Petitioner to four concurrent sentences of three to five years imprisonment. *Id*. On August 12, 2002, Petitioner filed a motion, pursuant to Mass. R. Crim. Proc. 29 to revise or revoke his sentence on the grounds that Petitioner is ill. See Supp. App. at SA6-SA15. In the motion, Petitioner recites that the motion is filed only to preserve the court's jurisdiction to later modify the sentence, and that the motion does not seek either a hearing or a ruling on the motion. *Id*. at SA6-SA7. As Petioner requested, the Rule 29 motion remains pending before the trial court. Supp. App. at SA5.

## II. Complete Exhaustion of State Remedies as to all Federal Claims is a Mandatory Prerequisite to Habeas Corpus Relief

Title 28 U.S.C. § 2254(b)(1)(A) expressly prohibits federal courts from entertaining habeas corpus petitions from prisoners who have failed to first pursue the remedies available to them in state court: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." As the Supreme Court has noted, this statute codifies the long-standing "principle controlling all habeas corpus petitions to the federal courts, that those courts will interfere with the administration of justice in state courts only in rare cases where exceptional circumstances of peculiar urgency are shown to exist." *Ex Parte Hawk*, 321 U.S. 114, 117 (1944) (internal citations omitted); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982) (§ 2254 codifies the exhaustion doctrine as described in *Hawk*). To promote this important interest in state sovereignty and to avoid the "unseemly" intervention of federal courts to correct errors that

could be corrected if properly presented to state courts, the Supreme Court has insisted on a "rigorously enforced total exhaustion rule," one which requires not only that a particular claim be exhausted before relief can issue, but also that "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." *Id*. at 518-22. In carrying out this "strict enforcement of the exhaustion requirement," *Rose*, 455 U.S. at 520, the First Circuit has held that a habeas corpus petitioner "bears a heavy burden to show that he fairly and recognizably presented to the state courts the factual and legal bases of [his] federal claim."[1] *Adelson v. DiPaola*, 131 F.3d 259, 262 (1st Cir. 1997).

### III. Petitioner Failed to Present any Federal Issue to the Massachusetts Courts

Petitioner has filed two petitions in this matter (both filed November 28, 2003), which present five distinct claims. The first petition, dated October 25 [hereinafter "Petition 1"], presents four grounds for relief: that Petitioner was not lawfully arrested under Massachusetts law because no criminal complaint was issued against him prior to his arrest ("Ground 1"); that Petitioner did not receive a speedy trial in violation of the Sixth Amendment ("Ground 2"); that the trial judge was biased and acted in contempt of the law ("Ground 3"); and that the trial judge did not personally sign the order committing Petitioner to prison ("Ground 4"). The second petition, dated November 24, 2003 ("Petition 2"), elaborates further on Grounds 1 and 2, and adds an additional basis for relief: that Petitioner is ill ("Ground 5").

Since exhaustion of state court remedies with respect to a claim is only complete when that

---

[1] Presentation of the *federal* character of the claim is required since habeas corpus relief is available only to remedy violations of federal law, not claims made under state law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); 28 U.S.C. §2254(a) (habeas corpus may be sought by state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.").

claim has been fairly presented to the state's highest court, *see O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); 28 U.S.C. § 2254(c), the relevant question under Massachusetts practice is whether petitioner has pursued the issue in the Supreme Judicial Court (the "S.J.C."), generally by means of an Application for Further Appellate Review after appeal to the Massachusetts Appeals Court. *See Adelson*, 131 F.3d at 263. Here, only the claim in Ground 5 has been presented to any Massachusetts court–in Petitioner's motion to revise or revoke his sentence, which is still pending in the Superior Court at Petitioner's request. Petitioner has also made a desultory effort at initiating proceedings in the Supreme Judicial Court, which Petitioner describes as either an appeal from the Rule 29 motion, Petition 1 at ¶ 11(c), or as a petition for habeas corpus raising what appears to be a version of the claim in Ground 1. Petition 2 at ¶ 11(b).[2] Whatever claims the petition contained, they were never fairly presented to the S.J.C., since the petition was never filed due to Petitioner's failure to provide proof of service and either the proper filing fee or proof of indigency. *See* Affidavit of David M. Lieber, Supp. App. at SA16, ¶ 2. Petitioner has failed to meet his "heavy burden" of showing that he fairly, recognizably and unsuccessfully presented to the S.J.C. the federal basis of each of the claims raised in these petitions. Thus, 28 U.S.C. § 2254(b)(1)(A), requires dismissal of this action.

### IV. In the Alternative, the Petition should be Dismissed on the Merits

Although dismissal for failure to exhaust state court remedies is proper here, this Court may also simply dismiss the petition(s) on the merits, 28 U.S.C. § 2254(b)(2), since the pleadings plainly show that Petitioner cannot prevail on his substantive claims, even if he exhausts his state remedies.

---

[2]Since Petitioner apparently did not serve the petition on the Commonwealth, and since the petition was not filed by the S.J.C., respondent does not have access to a copy of the petition. *See* Affidavit of David M. Lieber, Supp. App. at SA16, ¶ 2(d).

First, habeas corpus relief is barred by the one-year statute of limitations, 28 U.S.C. § 2244(d)(1). Petitioner's conviction became final on July 26, 2002, the day he pleaded guilty. This action was not filed until well over one year later, on November 28, 2003, and relief is accordingly barred. Nor do petitioner's substantive claims present any plausible basis for habeas corpus relief. Since he pleaded guilty to the charged crimes, Petitioner is barred from raising the kind of claims he seeks to pursue in this action, which are unrelated to the voluntariness of the plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). While this bar would arguably not apply to Ground 5 (that Petitioner's illness warrants a reduced sentence), since this claim does not necessarily predate the guilty plea, the claim in Ground 5 is barred by the equally well-established rule that there is no federal constitutional right to an early release from a lawfully imposed sentence. *See Greenholtz v. Inmates of Nebraska Penal Inst.*, 442 U.S. 1, 7-8 (1979). The petitions plainly show, on their face, that Petitioner could not obtain the relief he seeks in this action, even if he exhausted the remedies available to him in the state courts. Thus, this action should, in the alternative to dismissal for failure to exhaust, be dismissed for failure to state a claim upon which habeas corpus relief could be granted.

## Conclusion

Petitioner had ample state procedures available to him to challenge his guilty plea and sentence. Both statute and long-standing core doctrines of habeas corpus jurisprudence require dismissal of this petition until and unless Petitioner has properly availed himself of these remedies.

For these reasons, respondent respectfully suggests that his motion to dismiss should be allowed and that this petition should be dismissed pursuant to 28 U.S.C. § 2254(b)(1)(A).

                Respectfully submitted,

                THOMAS F. REILLY
                ATTORNEY GENERAL

                /s/ David M. Lieber

                David M. Lieber (BBO# 653841)
                Assistant Attorney General
                Criminal Bureau
                One Ashburton Place
                Boston, Massachusetts  02108
                (617) 727-2200 ext.2827

Dated:  January 28, 2004        ATTORNEYS FOR RESPONDENT