UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMES W. BARTON,

    PETITIONER,

VS.

STEVEN J. O'BRIEN,
SUPERINTENDENT,
N.C.C.I.
GARDNER, MASS. 01440,

    RESPONDENT.

CIVIL ACTION
HABEAS CORPUS.

NO. 03-40271-NMG

03-40271

~~JANUARY 7,~~ 2004
~~SATURDAY~~

Feb. 9, 2004

PETITIONER'S MOTION FOR
THIS FEDERAL HABEAS CORPUS COURT
TO ISSUE THE "GREAT WRIT" OR SET
HIS CASE UPON THE COURT'S DAILY
CALENDAR FOR EVIDENTIARY HEARING

NOW COMES JAMES W. BARTON, THE PETITIONER, PRO SE, AND MOVES THIS HABEAS CORPUS COURT TO ISSUE AN ORDER COMMANDING THE RESPONDENT TO RELEASE HIM FROM FALSE IMPRISONMENT, AND DECLARE THAT THE COUNSEL FOR THE RESPONDENT HAS FAILED TO OBEY THE SHOW CAUSE ORDER WHICH HAD A (20) DAY-LIMITATION. THE COUNSEL FOR RESPONDENT CANNOT ENLARGE THE TIME TO FILE AN "ANSWER" BEYOND THE LAW AS EMPOWERED TO THIS FEDERAL COURT, BY THE ACT OF CONGRESS AND BY RULE ESTABLISHED BY THE UNITED STATES SUPREME COURT: TITLE 28 USCS§2243; RULE 81(a)(2) FED.R.CIV.P.

    PETITIONER CLAIMS THAT [ALL] PLEADINGS FILED BY DAVID M. LIEBER, ASST. ATTY. GEN. WHO FAILED TO FILE HIS RESPONSE AS COMMANDED BY THIS FEDERAL COURT WITHIN 20 DAYS.

COPY TO: DAVID M.LIEBER, AAG 1 ASHBURTON PL. BOSTON, MA 02108

ADDITIONALLY, COUNSEL FOR THE RESPONDENT, FILED [UN]AUTHENTICATED COPIES OF "MIDDLESEX (COUNTY) SUPERIOR COURT" "CRIMINAL DOCKET" IN CONTEMPT AND IN VIOLATION OF FEDERAL RULES OF CIVIL PROCEDURE, RULE 44(a)(!):

| | |
|---|---|
| AUTHENTICATION OF STATE COURT | |
| CERTIFICATE OF THE TRIAL | [TITLE 1, §114] |
| JUDGE AND JURAT OF THE | [TITLE 28 §1691] |
| AFFIXED WITH SEAL OF | |
| COURT | |

AS IS MANDATORY BY [F]EDERAL [LAWS]

RESPONDENT'S COUNSEL, ALSO FAILED TO CHALLENGE THE PETITIONER'S PROOF OF LACH OF THE TRIAL COURT HAVING "COMPETENT JURISDICTION" (M.G.L.CHAPTER,263 §9) OVER HIM AND THE ALLEGATIONS, WHICH IN FACTS BECAME, SURELY VOID AFTER THE PASSING OF "302" DAYS. THE 6 AMEND. U.S.CONST. MANDATES A PROMPT AND SPEEDY TRIAL, SO THE TRIAL COURT LOST JURISDICTION AFTER THE PASSING OF 180 DAYS.

      UNITED STATES SUPREME COURT
       CARLISLE v. UNITED STATES
        (1996) 134 L Ed2d 613

 PAGE 627:

  "WE . . . CANNOT PERMIT THEM TO ALTER OUR ANALYSIS, FOR WE ARE NOT AT LIBERTY TO IGNORE THE MANDATE OF (MGL,CHAP.248 §10;RULE 81(2) FED.R.CIV.P.)...IF 1 DAY LATE FILINGS...ENGULF THE ...FILING DEAD LINE;"

 There ARE NO STATUTORY OR RULES OF CIVIL PROCEDURES ENLARGING HABEAS CORPUS PROCEEDINGS TO BE TREATED AS THIS CASE.

§ Feb. 9, 2004
~~JAN. 9,~~ 2004

            RESPECTFULLY SUBMITTED,
            *James W. Barton*
            JAMES W. BARTON PRO SE

4.

## OPINIONS OF THE UNITED STATES SUPREME COURT
## U.S. SUPREME COURT REPORTS



BOWEN v. JOHNSTON, WARDEN

306 U.S.19, 59 S.Ct.442(Jan.30,1939)

At Pages 444-445:

"BUT IF IT BE FOUND THAT THE (Trial) COURT HAD NO JURISDICTION TO TRY THE PETITIONER, OR THAT IN ITS PROCEEDINGS HIS CONSTITUTIONAL RIGHTS HAVE BEEN DENIED, THE REMEDY OF HABEAS CORPUS IS AVAILABLE." aim



JOHNSON v. ZERBST

304 U.S.458, 58 S.Ct.1019,82 L.Ed.1461 (1938)

At Pages 1024-1025:

"A COURT'S JURISDICTION, AT THE BEGINNING OF TRIAL MAY BE LOST."

"JUDGMENT OF CONVICTION PRONOUNCED BY A COURT WITHOUT JURISDICTION IS VOID, AND ONE, IMPRISONED THEREUNDER MAY OBTAIN RELEASE BY HABEAS CORPUS."

"A JUDGE ... TO WHOM A PETITION FOR HABEAS CORPUS IS ADDRESSED, SHOULD BE ALERT TO EXAMINE THE FACT(S) FOR HIMSELF, WHEN IF TRUE AS ALLEGED THEY MAKE THE TRIAL ABSOLUTELY VOID." aim

"IT IS THE DUTY OF THE COURT TO GRANT THE WRIT." (Commanding the immediate release of the person from FALSE IMPRISONMENT.) (emphasis added)

2.



l.

## UNITED STATES EX REL. GEISLER v. WALTERS
Cite as 510 F.2d 887 (1975)

893

The restraints upon Geisler's freedom, however, constitute "custody" within the terms of 28 U.S.C. §§ 2241(c), 2254(a).

We hesitate to repeat the ancient statement that justice delayed is justice denied, but there can be no doubt that such an inordinate delay is an adequate basis for federal habeas corpus relief even though state remedies have not been exhausted.

we emphasize that "[i]t is the legal issues that are to be exhausted, not the petitioner." Park v. Thompson, 356 F.Supp. 783, 788 (D.Haw.1973).

3.