UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES W. BARTON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>STEVEN J. O'BRIEN, SUPERINTENDENT, )<br>)<br>Respondent. )<br>) | Civil Action No.<br>03-40271-FDS |

**ORDER**

**SAYLOR, J.**

This is an action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner James W. Barton is an inmate at North Central Correctional Institution ("NCCI") in Gardner, Massachusetts. Barton is proceeding *pro se* and *in forma pauperis*. Respondent Steven J. O'Brien is the Superintendent of NCCI. Barton is currently imprisoned after pleading guilty in the Superior Court on July 26, 2002, to breaking and entering in the night time, possession of burglarious instruments, malicious destruction of property, and stealing in a building.

On August 12, 2002, Barton filed a motion with the Superior Court to revise and revoke his sentence pursuant to Mass. R. Crim. P. 29, seeking a modification of his sentence based upon his alleged cancer, glaucoma, alcoholism, and drug abuse. The motion states that it was filed to preserve the court's jurisdiction to modify the sentence at a later date and that Barton was not seeking a hearing on the motion at that time. In accordance with his request, the motion remains pending.

Barton filed two overlapping habeas petitions on November 28, 2003. In the first petition, dated October 25, 2003, Barton claims various grounds for relief, including, among other things: (1) that he was not lawfully arrested because arrest procedures were not followed; (2) that his Sixth Amendment right to a speedy trial was violated; (3) that the trial judge was biased; and (4) that the judge never personally issued warrants of commitment to state prison officials. In his second petition, dated November 24, 2003, Barton expands upon his previously stated grounds and adds a fifth ground for relief: that he is ill and should be released so that he can receive treatment.

On January 28, 2004, respondent O'Brien submitted a motion to dismiss based on the petitioner's failure to exhaust his state court remedies. The respondent also submitted copies of the Superior Court docket sheets from petitioner's trial; a copy of petitioner's motion to revise and revoke his sentence; and an affidavit from Assistant Attorney General of the Commonwealth of Massachusetts David M. Lieber concerning an attempted filing by the petitioner with the Massachusetts Supreme Judicial Court. To date, Barton has not submitted a reply to respondent's motion to dismiss.

## Analysis

A state prisoner must exhaust the remedies available to him in the state courts, including direct appeals and post-conviction remedies, before seeking federal habeas relief. 28 U.S.C. § 2254(b), (c); *see Rose v. Lundy,* 455 U.S. 509, 518-20 (1982); *Mele v. Fitchburg Dist. Court*, 850 F.2d 817, 819 (1st Cir. 1988). To meet that requirement, the petitioner bears the heavy burden of demonstrating that he has exhausted all state remedies by fairly and recognizably presenting the substance of his federal claims to the state courts prior to seeking federal habeas

review. *Adelson v. Dipaola*, 131 F.3d 259, 262 (1st Cir. 1997); *see Scarpa v. Dubois*, 38 F.3d 1,6 (1st Cir. 1994). Furthermore, "[i]t is not enough merely to raise an issue before an intermediate court; one who seeks to invoke the federal habeas power must fairly present – or do his best to present – the issue to the state's highest tribunal." *Mele*, 850 F.2d at 820.

In his October 28 petition, Barton claims that he "exhausted state remedies in the [Massachusetts Supreme Judicial Court]," but fails to describe what grounds were raised or how and when those remedies were exhausted. In his November 24 petition, Barton notes that the SJC refused to issue any acknowledgment of his petition.[1]

Respondent contends that Barton never properly presented his petition to the SJC. In his affidavit accompanying the motion to dismiss, Assistant Attorney General David M. Lieber states that he spoke with the First Assistant Clerk of the SJC about whether Barton had submitted any filings. According to Lieber's affidavit, as of January 15, 2004, Barton's petition had not been filed because he failed to provide the SJC with proof of service and either the appropriate filing fee or proof of indigency.

Given Barton's own admissions that the SJC has not reviewed his petition and the statements in the motion to dismiss and Lieber affidavit, Barton clearly has not exhausted his state remedies as required by 28 U.S.C. § 2254(b)(1)(A). Ordinarily, such a petition should be dismissed on exhaustion grounds or (in some circumstances) stayed. S*ee Rose v. Lundy*; *Neverson v. Farquharson,* 366 F.3d 32, 42 (1st Cir. 2004). However, further examination of the

---

[1] On January 27, 2004, Barton filed a third petition for habeas corpus with the First Circuit Court of Appeals. In this petition, Barton notes that the clerk of the SJC refused to deliver his petition "to the Justice," give him a docket number, or process his petition despite "daily telephone calls to the clerk demanding adjudication" of his case. Barton goes on to say that after a passing of "beyond 30 days" his state remedies were exhausted.

petition indicates that it also should be dismissed as time-barred under the one-year period of limitations in 28 U.S.C. § 2244(d)(1).

The one-year period of limitations in § 2244(d)(1) begins to run on the latest date of "the conclusion of direct review or the expiration of time to seek such review." Mass. R. App. P. 4(b) provides that appeals shall be filed within thirty days of the imposition of sentence. Because Barton pleaded guilty on July 26, 2002, his judgment became final when his time for filing an appeal expired thirty days later on August 26, 2002. Thus, pursuant to 28 U.S.C. § 2244(d)(1)(A), Barton was required to have filed his habeas petition by August 26, 2003. Because his two petitions were filed on November 28, 2003, both petitions appear to be time-barred.

Section 2244(d)(2) provides that the one-year period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). As discussed above, because Barton never "properly filed" his petition with the SJC, his attempts at filing do not toll the period of limitations under § 2244(d)(2).

The Court must also consider whether Barton's motion to revise or revoke his sentence pursuant to Mass. R. Crim. P. 29 tolls the limitations period. Section 2244 does not define "State post-conviction or other collateral review." In *Walkowiak v. Haines*, 272 F.3d 234, 236 (4th Cir. 2001), the Fourth Circuit held that the period of limitations is only tolled for collateral, not direct, post-conviction review. The court indicated that this was the only interpretation that gave meaning to the entire phrase and that an interpretation allowing *any* post-conviction review to toll the period of limitations would negate the presence of the word "other." *Id.* at 236-37.

The *Walkowiak* court then examined the definition of "collateral review," which generally

4

"refers to a proceeding separate and distinct from that in which the original judgment was rendered, and in which the petitioner challenges the legality of the original judgment." *Id.* at 237 (relying on the definition of collateral review found in Black's Law Dictionary (7th ed. 1999)). Using this definition, the court found that because a motion under West Virginia Rule of Criminal Procedure 35(b) is merely a plea for sentencing leniency that does not attack the validity of the judgment or constitute a separate proceeding, it does not toll the period of limitations under § 2244(d)(2). *Id.*

Like its West Virginia counterpart, a motion under Massachusetts Rule of Criminal Procedure 29 does not meet the definition of an "application for . . . collateral review." A Rule 29 motion does not constitute a separate proceeding because it must be filed with the same trial judge within sixty days of the defendant's sentencing and is, in effect, part of the original proceedings. Furthermore, a Rule 29 motion does not attack the validity of the judgment or the imposition of the sentence; it merely requests that, in the interests of justice, the sentence be revised or revoked. Challenges to a defendant's sentence or conviction must instead be made under Mass. R. Crim. P. 30.

The First Circuit has not yet addressed this issue. *See Bland v. Hall*, 62 Fed. Appx. 361, 2003 WL 1825681 (1st. Cir.(Mass.)) (unpublished decision). However, two judges in this District have ruled that a Rule 29 motion does not constitute an application for collateral review for purposes of tolling the § 2244(d)(2) period of limitation. *See Ledoux v. Dennehy*, 327 F.Supp.2d. 97 (D.Mass. 2004) (Young, C.J.) and *Bland v. Hall*, 2002 WL 989532 (D.Mass.) (Zobel, J.), *aff'd on other grounds*, 62 Fed. Appx. 361, 2003 WL 1825681 (1st. Cir.(Mass.)) (unpublished decision). The Court is likewise persuaded that petitioner's motion to revise or

revoke his sentence did not toll the one-year period of limitations in § 2244(d)(2) because it did not constitute a collateral attack. Therefore, because there was no tolling event, the habeas petition is time-barred because it was filed more than two months after the one-year period of limitation ended.

In light of the foregoing analysis, the Court has concluded that no evidentiary hearing is required and the petition should be dismissed. The petitioner has not exhausted his state law remedies. Moreover, the petition was filed more than one year after his guilty plea was entered and no subsequent proceedings have tolled the period of limitations under § 2244(d). Accordingly, pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2244(d)(1)(A), the petition is hereby DISMISSED. **So Ordered.**

                                      /s/ F. Dennis Saylor IV
                                      F. Dennis Saylor IV
                                      United States District Judge

Dated: December 20, 2004